**Steven GRAVATT and Delores Gravatt, Plaintiffs,**

v.

**The CITY OF NEW YORK, Simpson & Brown, Inc., N. Massand, P.E., L.S., P.C., a/k/a Nanik Massand, P.E., Barge "ABC" and Barge Def, their engines, boilers, tackle, etc., in rem, Defendants.**

No. 97 CIV. 0354(RWS).

United States District Court, S.D. New York.

Nov. 5, 1999.

Waesche, Scheinbaum & O'Regan, P.C., New York City (Nicholas P. Giuliano, William Bennett, III, Claurisse Campanale–Orozco, of counsel), for plaintiffs.

Chalos & Brown, New York City (Robert J. Seminara, of counsel), for defendant The City of New York.

Freehill, Hogan & Mahar, New York City (John J. Walsh, of counsel), for defendant Simpson & Brown, Inc.

Baer Marks & Upham, New York City (Daniel J. Friedman, of counsel), for defendant N. Massand.

## OPINION

SWEET, District Judge.

Defendant Simpson and Brown ("SB") has moved, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for amendment of the judgment rendered by this Court in this action on July 6, 1999. SB seeks reduction of the judgment to reflect amounts recovered by plaintiffs in a post-verdict settlement with other defendants. For the reasons set forth below, the motion is denied.

### Facts and Prior Proceedings

Plaintiffs Steven and Dolores Gravatt (the "Gravatts") commenced this action on January 16, 1997 against the City of New York, Massand, and SB, for personal injuries sustained by Steven Gravatt ("Gravatt") at a construction site on January 31, 1996. The City owned the construction site, Massand was the engineering firm hired by the City to design the project, supervise construction, and ensure that work was carried out safely, and SB was the construction company hired to perform the work under the City's and Massand's supervision and control. Gravatt worked for SB at the time.

On April 6, 1998, summary judgment motions were determined in favor of the Gravatts on their state Labor Law claims against the City and Massand, against SB's motion to dismiss plaintiffs' federal maritime claim under § 905(b) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950 (West 1999) ("LHWCA"). The issue of contributory negligence was reserved for trial, and other rulings were made which are not material to this motion.

The case was tried to the bench from November 30 through December 4, 1998. Thereafter, the parties submitted their proposed findings of fact and conclusions of law. On March 3, 1999, the Court issued an opinion finding in favor of the Gravatts' state Labor Law claims against the City and Massand and their federal LHWCA § 905(b) claim against SB. The City prevailed on its indemnity claims against Massand and SB, but Massand's contribution claim against SB was denied. In addition, Gravatt was awarded $200,000 in punitive damages against Massand, but denied an award of punitive damages against SB. Gravatt was held to be one-third contributorily negligent.

On May 24, 1999, the Gravatts' Rule 52(e) motion was decided and the opinion of March 3, 1999 revised. The revised opinion awarded Gravatt $400,000 in punitive damages against SB and concluded that he was not contributorily negligent.

On July 6, judgment was entered in favor of Gravatt for $2,024,529.73, and in favor of Dolores Gravatt for $230,327.75, for a total award of $2,254,857.48, plus interest and costs. As against the City and Massand, the judgment was not reduced to a simple numerical figure, because it was entered pursuant to New York's structured judgment statute, which requires part of the judgment to be paid out over time. Defendants were held jointly and severally liable for all damages, except for punitive damages.

By agreement dated July 16, 1999, the City and Massand settled with the Gra-

vatts. The City and Massand paid $1,350,-000 in exchange for general releases and a partial satisfaction of judgment. The settlement agreement explicitly reserves the Gravatts' rights against SB. At the same time, the City, Massand, and SB settled their cross-claims for indemnity and contribution.

### Discussion

■■■ SB has moved for reconsideration of the judgment pursuant to Rule 59(e). To prevail on a motion for reconsideration under Rule 59(e), the movant must present "[factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision." *Robins v. Max Mara, U.S.A., Inc.,* 923 F.Supp. 460, 472 (S.D.N.Y.1996) (*quoting Morser v. AT&T. Info. Sys.,* 715 F.Supp. 516, 517 (S.D.N.Y.1989)). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Fruit of the Loom, Inc. v. American Mktg. Enters., Inc.,* 97 Civ. 3510(HB), 1999 WL 527989, at *1 (S.D.N.Y. July 22, 1999) (*quoting Morales v. Quintiles Transnational Corp.,* 25 F.Supp.2d 369, 372 (S.D.N.Y.1998)). These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court. *See Monaghan v. SZS 33 Assocs.,* 153 F.R.D. 60, 65 (S.D.N.Y.1994).

Since the settlement between the Gravatts, the City, and Massand took place after this Court entered judgment, SB clearly satisfies the threshold requirements for a 59(e) motion. Indeed, *Singer v. Olympia Brewing Company,* 878 F.2d 596 (2d Cir.1989), the case upon which SB's motion is grounded, affirmed a district court's granting of a 59(e) motion to reduce a judgment based on a post-verdict settlement. *See Singer,* 878 F.2d at 601. However, as set forth herewith, the current law does not support a reduction of the judgment on the facts of this case.

*Singer,* decided by this Circuit in 1989, held that "under [the one satisfaction rule], when a plaintiff receives a settlement from one defendant, a nonsettling defendant is entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against the nonsettling defendant as long as both the settlement and judgment represent common damages." *Id.* at 600. *Singer* did not distinguish between pre- and post-judgment settlements. SB maintains that *Singer* is still controlling in this circuit.

According to the Gravatts, *Singer* is no longer good law, in light of the Supreme Court's subsequent decision in *McDermott Inc. v. AmClyde and River Don Castings Ltd.,* 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994). *McDermott* squarely rejects the one-satisfaction rule in favor of a proportionate share approach, in which "the money paid [by the settling tortfeasors] extinguishes any claim that the injured party has against the [settling] tortfeasor[s] and also diminishes the claim that the injured party has against the other tortfeasors by the amount of the equitable share[s] of the obligation of the released tortfeasor[s]." *McDermott,* 511 U.S. at 209, 114 S.Ct. 1461.

■■■ Although *McDermott* involved a pretrial settlement, the Court's reasons for adopting the proportionate share approach apply in a post-judgment context as well. The *McDermott* Court considered three factors in choosing the proportionate share approach over the two versions of the *pro tanto* approach which incorporate the one-satisfaction rule: (1) consistency with the proportionate fault approach of *United States v. Reliable Transfer,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975); (2) promotion of settlement; and (3) judicial economy. *See McDermott,* 511 U.S. at 211, 114 S.Ct. 1461. The Court concluded that factors (2) and (3) were a wash as between the proportionate share and pro tanto approaches, but that factor (1) favored the proportionate share approach.

Parties are motivated to settle at various stages in the progress of an action, based, in part, on their perceptions of the possible outcomes and the cost of continuing to

litigate. The willingness of parties to settle post-judgment reflects, in part, the uncertainties and costs of the appeal process. While the proportionate share approach applied to post-judgment cases is no more nor less likely to promote settlement or judicial economy than the pro tanto approach, it is consistent with *Reliable Transfer*. There is thus no reason why the *McDermott* holding should not apply to post-judgment settlements. *McDermott* itself certainly does not restrict its holding to pre-judgment settlements; moreover, the case specifically repudiated the one-satisfaction rule:

> [A] plaintiff's good fortune in striking a favorable bargain with one defendant gives other defendants no claim to pay less than their proportionate share of the total loss. In fact, one of the virtues of the proportionate share rule is that, unlike the *pro tanto* rule, it does not make a litigating defendant's liability dependent on the amount of a settlement negotiated by others without regard to its interests.

*Id.* at 220, 114 S.Ct. 1461.

Shortly after *McDermott*, this Circuit, in the course of dismissing an appeal in a case that had become moot pending appeal, noted that "it would seem unwise . . . to leave standing the district court ruling that any judgment against appellant be reduced on a *pro tanto* basis. We think it imprudent in light of [*McDermott* ], that at least in admiralty suits for damages, the proportional reduction approach is best." *Bragger v. Trinity Capital Enter. Corp.*, 30 F.3d 14, 17 (2d Cir.1994). SB does not cite—nor has this Court located—any case in this Circuit since 1994 citing *Singer* for the proposition advanced by SB.

█ Having determined, then, that the proportionate share approach under *McDermott* applies to the post-judgment settlement in this case, the next step is to determine SB's proportionate share. (Due to the settlement, it is unnecessary to determine the proportionate shares of the City and of Massand.) The matter is complicated somewhat by SB's failure to re-

quest an allocation of fault among the defendants.

█ Under New York law, when a defendant argues that other parties share liability for a tort, the defendant has the burden of proving the parties' individual degrees of fault. *See* Joseph M. McLaughlin, Practice Commentaries, McKinney's Gen.Ob.Law § 15–108, at 701 (1989); *see also In Re Joint Southern and Eastern District Asbestos Litigation*, 741 F.Supp. 50, 51 n. 2 (E.D.N.Y.1990). There is no reason why that burden should be any different under federal law. SB has failed to meet the burden by failing to request an allocation of fault at trial. Therefore, SB is not entitled to any reduction of the judgment based on the settlement between plaintiffs, the City, and Massand.

### Conclusion

For the reasons set forth above, SB's motion is denied.

It is so ordered.